Lena LITTERAL, Plaintiff–Appellant,

v.

William P. BACH; Michael E. McGrath; Morgan Tire Center, Inc.; Hershell Sheets; and William Lacy, Defendants–Appellees.

No. 87–5855.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 22, 1988.

Decided March 9, 1989.

Jerry Anderson (argued), Lexington, Ky., for Lena Litteral.

Michael A. Stidham (argued), Miller, Stidham and McGrath, Jackson, Ky., Gordon J. Dill, Jr. (argued), Ashland, Ky., for H. Sheets.

Edward C. Keeton, Jr., West Liberty, Ky., for W. Lacy.

Before JONES and GUY, Circuit Judges; and RUBIN, Chief District Judge.*

PER CURIAM.

Plaintiff Lena Litteral appeals the district court's dismissal of her claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 (1982). The district court abstained from taking jurisdiction based on the principles of federalism enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. For the reasons that follow, we conclude that federal abstention is not justified and that the decision of the district court should be reversed.

I.

Litteral operated a pizza parlor on the premises owned by defendants, Hershell Sheets and Morgan Tire Center. On September 8, 1986, the defendants filed a forcible detainer action against Litteral for back rent and possession of the premises in a Kentucky court. On March 24, 1987, following a bench trial, defendant Judge William Bach entered a judgment against Litteral and found that she owed the defendants $4,950.00 in back rent. On March 30, 1987, Litteral paid the amount of back rent ordered by the court, and timely appealed the trial court's judgment pursuant to Ky. Rev.Stat.Ann. § 383.255(1) (Baldwin 1985).

Upon payment of the back rent and the filing of an appeal, Ky.Rev.Stat.Ann. § 383.255(2) provides that further proceedings are stayed and that the record is to be turned over to the appeals court within ten days. In this case, however, Judge Bach signed a writ of restitution on April 2, 1987, which defendant Sheriff Lacy executed the following day. In addition, Judge Bach entered an order directing Litteral to pay $450.00 per month in rent to the court, pending appeal. The order further stated that Litteral's failure to deposit the rent with the court would give the defendants the right "to pursue their warrant of restitution for possession of the premises." J.App. at 9. Litteral paid the initial month's rent on April 3, 1987.

On April 21, 1987, Litteral filed the instant action in the United States District Court for the Eastern District of Kentucky. Litteral's complaint alleged that the defendants conspired to deprive her of the rights protected by 42 U.S.C. § 1985(2) and (3) (1982), and requested compensatory and punitive damages. On June 23, 1987, the district court abstained from taking jurisdiction over the action, reasoning that the three-prong abstention test set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), was satisfied. The only issue before this court on appeal is whether the district court should have abstained from exercising jurisdiction over this case pursuant to the *Younger* abstention doctrine.

II.

Litteral contends that the district court erroneously determined that the *Younger* doctrine required abstention in this case because, as she asserts, there is no evidence that extraordinary circumstances or a vital state interest existed here. We review abstention decisions by district courts de novo. *Traughber v. Beauchane*, 760 F.2d 673, 676 (6th Cir.1985).

* Honorable Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

### A.

The Supreme Court in *Younger* held that the district court should have abstained from exercising jurisdiction over the plaintiff's federal action seeking injunctive relief against various state officials with regard to a pending state criminal proceeding against the federal plaintiff. The *Younger* Court stated that principles of comity and federalism required that federal courts generally should refrain from interrupting pending state criminal proceedings when a party seeks an injunction against those proceedings on federal constitutional grounds. Thus, *Younger* stands for the narrow proposition that federal courts should not intervene in ongoing criminal proceedings if these proceedings could properly address federal constitutional issues.

In *Huffman v. Pursue Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the State of Ohio instituted a nuisance proceeding in state court to enjoin the showing of an obscene film. The state court found for the state officials and the appellee filed a suit in federal court under 42 U.S.C. § 1983, claiming that the Ohio nuisance statute had been unconstitutionally applied. A federal district court found the statute unconstitutional and enjoined execution of the state's judgment. The Supreme Court, however, overturned the district court's decision and held that the principles articulated in *Younger* applied in civil cases which were akin to criminal prosecutions unless the state proceedings are "conducted with an intent to harass, or are conducted in bad faith, or that the challenged statute is flagrantly and patently unconstitutional." *Id.* at 605–07, 611–13, 95 S.Ct. at 1208–10, 1211–13.

In *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Supreme Court held that *Younger* abstention was proper when there was a pending state bar proceeding to discipline an attorney for remarks expressed concerning the proceedings of a state trial. The attorney had later filed a federal lawsuit challenging the relevant disciplinary rules on First Amendment grounds. The Court observed in *Middlesex* that:

> [t]he policies underlying *Younger* are fully applicable to noncriminal proceedings when important state interests are involved.... The importance of the state interest may be demonstrated by the fact that noncriminal proceedings bear a close relationship to proceedings criminal in nature.... Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation.... Where vital state interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims."

457 U.S. at 432, 102 S.Ct. at 2521 (quoting *Moore v. Sims*, 442 U.S. 415, 426, 99 S.Ct. 2371, 2379, 60 L.Ed.2d 994 (1979)) (citations omitted). In applying the *Younger* doctrine, the *Middlesex* Court emphasized that three factors must be present in order to invoke the *Younger* doctrine in the civil context. First, there must be ongoing state proceedings which are judicial in nature. Second, those proceedings involve an important state interest. And, third, the state proceedings must afford the federal plaintiff a reasonable opportunity to raise his federal constitutional claims. *Middlesex*, 457 U.S. at 432, 102 S.Ct. at 2521.

The Supreme Court's most recent application of the *Younger* doctrine came in *Deakins v. Monaghan*, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). There the federal plaintiffs filed a section 1983 action seeking equitable relief, as well as compensatory and punitive damages, and alleging that their constitutional rights were violated when state police officers executed a search warrant in connection with an ongoing state grand jury investigation. The federal suit was dismissed when the district court determined that *Younger* abstention was applicable. However, the court of appeals reversed the district court, holding that abstention was not proper, in part because the plaintiffs' claims for monetary relief could not be addressed in the state proceedings. The Supreme Court in *Deakins* affirmed the court of appeals's

ruling as to the claims for monetary relief, stating that "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceedings." 484 U.S. at ___, 108 S.Ct. at 529. The Court reasoned that staying claims for monetary relief that are unavailable from the state tribunal, as opposed to dismissing those claims under *Younger*, "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists.' " *Id.* at ___, 108 S.Ct. 530 (quoting *Williams v. Red Bank Bd. of Ed.*, 662 F.2d 1008, 1024 (3rd Cir.1981)).

In *Traughber v. Beauchane*, 760 F.2d 673 (6th Cir.1985), this court examined whether *Younger* abstention was appropriate where the federal plaintiffs asserted that the seizure of their property by private parties pursuant to a writ of attachment violated their rights under section 1983. After examining the extent to which the Supreme Court has applied the *Younger* doctrine to state civil proceedings, we concluded that *Younger* abstention was not appropriate, in part because the plaintiff did not "seek to enjoin state criminal proceedings [or] . . . to interrupt quasi-criminal proceedings." *Id.* at 681 (citations omitted). In addition, the court noted that the state proceedings were not "in aid of state criminal laws" nor were they initiated "by the state in a sovereign capacity or instituted in defense of some vital state interest." *Id.* (citations omitted). Since the proceedings "invoke[d] federal jurisdiction under the civil rights act to prevent a private litigant from utilizing state statutes in a manner that allegedly violates their constitutional rights," we held that the district court "had subject matter jurisdiction which it should have entertained in pursuit of its obligation to decide cases properly before it." *Id.* (citations omitted).

We recently considered *Younger* abstention in a section 1983 action where the plaintiff requested a federal court to enjoin a pending state administrative proceeding which was initiated to suspend the plaintiff's license to practice medicine. In *Watts v. Burkhart*, 854 F.2d 839 (6th Cir. 1988), we applied *Younger* and *Deakins* and concluded that since the plaintiff could present his equitable claims to the chancery court on review of the administrative decision, the district court properly dismissed those claims. However, we reversed the district court's dismissal of plaintiff's claims for monetary relief and attorney's fees, holding (1) that he could not pursue these claims in chancery court and (2) that the availability of a separate state forum in which the monetary claim could be brought did not affect the district court's jurisdiction over those claims. *Id.* at 849.

## B.

■ Applying *Younger* and its progeny to the instant action, we conclude that abstention was not warranted because the pending state litigation did not involve a vital state interest. The appellees argue that the Commonwealth has a vital interest in reviewing the underlying dispute within its state court system, even though it is not a party to this litigation. However, the sole issue in the state proceeding is whether Litteral should obtain a stay of the state trial court's decision pending appeal. Because the appellees have not shown that this civil tort action implicates "vital state policies or the functioning of the state judicial system," *Traughber*, 760 F.2d at 680, we conclude that the second factor for applying *Younger* abstention has not been satisfied in this case. Therefore, the district court erred in dismissing Litteral's claim.

■ We further conclude that because Litteral's claims for money damages cannot be addressed in the pending state proceedings, the district court's dismissal of those claims was in error under *Deakins*. Furthermore, even if Litteral could have pursued her monetary claims in a separate state court action, the availability of that forum does not permit the district court to abstain from taking jurisdiction over those claims. *Watts*, 847 F.2d at 849. Here, as in *Deakins*, "there can be no question that

the respondents have alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Deakins,* 108 S.Ct. at 530.

### III.

For the above-stated reasons, we hold that the district court improperly dismissed Litteral's damages claims. Accordingly, the district court's decision is REVERSED and REMANDED for proceedings not inconsistent with this opinion.