895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kent Arland McNEIL, Plaintiff-Appellant,
v.
EMMET COUNTY PROSECUTOR'S OFFICE; John F. Salan; Petoskey
News Review; John C. Robbins, Defendants-Appellees.
 No. 89-1650.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 Kent Arland McNeil, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985, and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June 1988, McNeil pleaded guilty to extortion and kidnapping in connection with the abduction of a Petoskey, Michigan businessman. He was sentenced to thirteen to twenty years imprisonment. McNeil's conviction was affirmed by the Michigan Court of Appeals. See People v. McNeil, No. 112923 (Mich.App. Dec. 12, 1989) (per curiam). And on January 2, 1990, McNeil filed an application for leave to appeal with the Michigan Supreme Court. Thereafter, seeking monetary relief, McNeil filed the instant complaint against the defendants, the Emmet County Prosecutor's Office, John Salan (formerly chief prosecutor), the Petoskey News, and one of its reporters, John Robbins. McNeil alleged that the defendants committed intentional torts and deprived him of his constitutional rights to a fair trial and to an impartial trier of fact because the Petoskey News contained [sic] "false, untrue, malicious, exacerbated and waton storys" supplied by the defendant prosecutor's office which forced him to involuntarily enter into a plea agreement. McNeil also alleged that he was subjected to cruel and unusual treatment because he was incarcerated 571 days prior to his conviction.
 
 
 4
 The magistrate recommended that defendants' motion for summary judgment be granted finding that the complaint should be dismissed because a ruling in the matter might imply that plaintiff's conviction is illegal. The magistrate also found that McNeil's pretrial incarceration of 571 days was not constitutionally infirm. The district court denied McNeil's motion to amend the complaint and adopted the magistrate's recommendation over McNeil's objections.
 
 
 5
 Upon review, we affirm the judgment in part, and vacate and remand the judgment in part. Regarding McNeil's claim that malicious news stories caused him to plead guilty, the district court should have stayed its proceedings. McNeil alleged that the defendants' actions affected his chances of a fair trial and unduly pressured him into pleading guilty. If these allegations are proven true, McNeil would possibly be entitled to a reversal of his criminal convictions. Thus, a ruling in this section 1983 action might imply that McNeil's state conviction is illegal. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). However, because McNeil presently has an appeal pending in the Michigan courts which will determine the validity of his conviction, this section 1983 damages action should have been stayed, and not dismissed, pending the outcome of the state court litigation because McNeil would not be entitled to monetary relief in the Michigan courts. See Deakins v. Monaghan, 484 U.S. 193, 202 (1988); Litteral v. Bach, 869 F.2d 297, 300 (6th Cir.1989) (per curiam).
 
 
 6
 The district court's judgment, however, should be affirmed to the extent it dismissed McNeil's claim that he was subjected to cruel and unusual treatment because of his pre-conviction incarceration of 571 days. Initially, we note that this claim is analyzed under the fourteenth amendment due process clause because the eighth amendment prohibition against cruel and unusual punishment is applicable only to those convicted of a crime. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Danese v. Asman, 875 F.2d 1239, 1242-43 (6th Cir.1989). Upon review, we conclude that McNeil's pre-conviction incarceration did not violate his due process rights as McNeil's own procedural maneuverings were the cause of much of the delay. In addition, McNeil was arrested on a fugitive's warrant, he was unable to make bail, he had four different court-appointed attorneys and the case was assigned to three different judges. McNeil also asserted an insanity defense which necessitated a psychiatric evaluation, and he was afforded a hearing on his motion for a reduction of bond. Under the unusual circumstances of this case, the lengthy pretrial delay was not constitutionally infirm.
 
 
 7
 Accordingly, the district court's judgment is affirmed in part pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and vacated and remanded in part pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, with instructions that the district court stay its proceedings pending the conclusion of the state court litigation.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation