**Linda PRAK, Plaintiff,**

v.

**James J. GREGART, Individually and as Prosecuting Attorney of Kalamazoo County, Michigan, Defendant.**

**No. 4:90–CV–107.**

United States District Court,
W.D. Michigan, S.D.

Oct. 23, 1990.

William L. Fette, Susan M. Fall, Gemrich, Moser, Bowser, Fette, et al., Kalamazoo, Mich., Robert A. Sedler, Paul J. Denenfeld, Legal Director, Detroit, Mich., for plaintiff.

Duane T. Triemstra, Kalamazoo County Bd. of Com'rs, Kalamazoo, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Linda Prak seeks to preliminarily enjoin defendant James S. Gregart, the Prosecuting Attorney of Kalamazoo County, from prosecuting her under a state law making it a misdemeanor to "use any indecent, immoral, obscene, vulgar or insulting language in the presence or hearing of any woman or child." Mich.Comp.Laws § 750.337. The charge against plaintiff allegedly arose when she responded with the words "fuck you" ·to an insult directed at her by children of her next door neighbors. The neighbors filed a complaint with the police department and indicated their desire to prosecute plaintiff. An assistant prosecutor for Kalamazoo County determined that a crime had been committed by plaintiff. As a result, he signed the necessary papers authorizing a criminal complaint and warrant to be submitted to Michigan's 8th District Court. Prak was arraigned and trial was set for October 4, 1990. On July 30, 1990, plaintiff filed a motion for a preliminary injunction in this Court. The state proceeding has been voluntarily adjourned pending this Court's decision on the preliminary injunction.

In her complaint and brief in support of the preliminary injunction, plaintiff argues that enjoining the prosecution is necessary

to protect her first amendment right to "respond to insults and invectives addressed to her." Plaintiff's Brief at 4. She contends that Michigan Compiled Laws Section 750.337 is flagrantly and patently unconstitutional on its face and that the prosecution is being pursued for the purpose of harassing the plaintiff and inhibiting her and members of her family in the exercise of their first amendment rights. Finally, plaintiff asserts that she has no plain, speedy and adequate remedy at law to prevent the first amendment violation.

A hearing was held before this Court on September 28, 1990. At this time it was determined that the main issue to be decided was whether Section 750.337 falls within the "patently and flagrantly" unconstitutional exception to the doctrine of federal abstention enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). For the reasons stated below, the Court determines that the statute in question is not patently and flagrantly unconstitutional, and plaintiff's motion for a preliminary injunction is denied.

## I.

In *Younger* the Supreme Court made it clear that in the majority of cases federal courts must abstain from enjoining ongoing state criminal proceedings. In reversing a district court injunction of a state prosecution under the California Criminal Syndicalism Statute, the Court emphasized that in order to prevail on a motion to enjoin a state prosecution a plaintiff must establish that she will suffer an "irreparable injury" if the injunction is not granted. The Court specifically found that courts of equity "should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 44, 91 S.Ct. at 750.

■ The result of this equitable doctrine, coupled with concerns of comity and federalism, is that when federal courts are asked to enjoin state criminal proceedings the federal court must usually abstain. However, the *Younger* Court did mention at least two exceptions to its basic abstention rule. First, bad faith prosecution or harassment by the prosecutor may create a situation where an injunction is proper. Similarly, under extraordinary circumstances, irreparable injury may be shown even in the absence of bad faith or harassment. As the Court stated:

'It is of course conceivable that a statute might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'

*Younger*, 401 U.S. at 57, 91 S.Ct. at 756 (quoting *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941)).

■ Although plaintiff originally pled that the prosecution was being pursued out of bad faith and for the purpose of harassment, there has been no showing of such action on the part of the prosecutor. Based upon information presented at the September 28 hearing, the Court must conclude that there is no evidence of bad faith or harassment. The remaining issues to be addressed were the continued validity of the "flagrantly and patently" unconstitutional exception and whether Section 750.-337 falls within that exception. The exception's continued validity was questioned due to a recent Sixth Circuit case where the court implied that the exception may have been eliminated. In *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir.1986), the appellate court was presented with a Kentucky statute which provided:

No person, with the purpose to establish or maintain a criminal syndicate or to facilitate any of its activities, shall do any of the following ...

Knowingly furnish legal, accounting, or other managerial services to a criminal syndicate; ...

*Zalman v. Armstrong*, 802 F.2d at 200 n. 1.

In determining that the "patently and flagrantly" unconstitutional exception to *Younger* was inapplicable to the Kentucky statute, the *Zalman* court stated:

*Younger* itself illustrates the narrowness of the "flagrantly and patently violative ... in every clause ... and in whatever manner and against whomever" exception. In that case, the federal plaintiff could not bring himself within the exception even though the statute under which he was indicted had been effectively invalidated in *Brandenburg v. Ohio*, 395 U.S. 444, 447–49, 89 S.Ct. 1827, 1829–31, 23 L.Ed.2d 430 (1969), as the Court itself acknowledged. *Younger*, 401 U.S. at 40–41, 91 S.Ct. at 748–49. In *Trainor v. Hernandez*, moreover, Justice Stevens and three other dissenters believed that the majority had effectively eliminated this exception to *Younger*. 431 U.S. [434], 463, 97 S.Ct. [1911], 1928 [52 L.Ed.2d 486 (1977)].

It is unnecessary for us to determine whether in fact this exception has been eliminated because we conclude that it is inapplicable to the facts of this case in any event.

*Zalman* at 206.

After careful review of the cases following *Younger*, it is clear that the "patently and flagrantly" exception still exists but its scope is exceedingly narrow.[1] In recent cases where a plaintiff seeks to enjoin state criminal or judicial proceedings, the Supreme Court, as well as the Sixth Circuit, continues to treat the exception as a valid one. *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 2517, 105 L.Ed.2d 298, *on remand*, 687 F.2d 801 (1989); *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 437, 102 S.Ct. 2515, 2524, 73 L.Ed.2d 116 (1982); *Mitchum v. Foster*, 407 U.S. 225, 230, 92 S.Ct. 2151, 2155–56, 32 L.Ed.2d 705 (1972); *Litteral v. Bach*, 869 F.2d 297, 299 (6th Cir.1989); *Watts v. Burkhart*, 854 F.2d 839, 844 (6th Cir.1988).

Still, this Court has found no cases where an injunction granted on the basis of a statute's "flagrant" violation of the constitution has been upheld on appeal.

In her brief in response to defendant's motion for summary judgment, plaintiff makes the argument that in *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), the Supreme Court took the *Younger* exception literally but did not eliminate it. In *Trainor* the Court stated, "It is urged that this case comes within the exception that we said in *Younger* might exist where a state statute is 'flagrantly and patently violative of express constitutional prohibitions *in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.*' Even if such a finding was made below, which we doubt, it would not have been warranted in light of our cases." *Trainor*, 431 U.S. at 446–47, 97 S.Ct. at 1919–20 (citations omitted) (emphasis added). The Court agrees that given the almost non-existent application of the exception and the Supreme Court's unwillingness to apply it when given the opportunity, the logical conclusion is that the exception is severely limited to its literal terms. In other words, unless a statute is unconstitutional "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," the federal court must abstain from enjoining the state criminal proceeding. Plaintiff urges that as to the statute at issue here, "If ever there were a statute to which the flagrantly and patently unconstitutional exception of *Younger* applies, this is it." Plaintiff's Brief in Response to Motion for Summary Judgment at 8.

As is evident from the above analysis, when a court undertakes a *Younger* ab-

---

1. The Court notes that the rationale behind *Younger* logically seems to foreclose such an exception. In *Younger* itself the plaintiff was charged with violating a statute that was effectively invalidated in *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). The Court determined that the state prosecution should proceed where the criminal defendant can challenge the statute's constitutionality in the state proceeding. This raises the question why a criminal defendant should be able to enjoin a state criminal proceeding when the unconstitutionality of a statute is "flagrant" but not when there is a closer question of constitutional law. Presumably if the state court is capable of rendering an opinion on a close case, it is even that much more capable where the conclusion is obvious.

stention issue it may apply the exceptions to abstention in only the most limiting of circumstances. As a practical matter courts avoid applying the exceptions if they plausibly can. With that in mind, it is apparent that Section 750.337 is not "patently and flagrantly" unconstitutional as those terms are given meaning by *Younger* and its progeny.[2]

## II.

Section 750.337 apparently has never been interpreted by a Michigan state court. One of the major justifications for *Younger* abstention is the preservation of "our Federalism." *See Litteral v. Bach*, 869 F.2d at 299; *Watts v. Burkhart*, 854 F.2d at 844. The federal court is directed to appreciate the sovereignty of the states and to defer to a state's interpretation of its statutes if deference permits the federal court to avoid deciding the constitutionality of the statute. *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. at 436, 102 S.Ct. at 2523; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10–13, 107 S.Ct. 1519, 1525–27, 95 L.Ed.2d 1 (1987). Here the state courts have not been given the opportunity to interpret Section 750.337. If the state supreme court had already determined that the section must be read literally, the result in this case might have been different. That is, if the state court had conclusively determined to apply the statute in an unconstitutional manner, the "patently and flagrantly" exception may have been met. In the interest of comity, however, this court must allow the state to determine, in the first instance, whether the statute may be construed in a limiting manner which is constitutionally legitimate.

Plaintiff is being prosecuted for cursing at minors with whom she had an ongoing dispute. She argues that the statute at issue is vague and overbroad in that it prohibits speech which is protected by the first and fourteenth amendments. Without

rendering an opinion as to the likelihood of such a result, the Court concludes that it is possible for a Michigan court to find that the statute's coverage is limited to "fighting words" which do not enjoy first amendment protection.

In *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), the Supreme Court was presented with the issue whether a state statute making certain speech illegal was a valid restriction on first amendment freedom of speech. The statute provided:

> No person shall address any offensive, derisive or annoying word to any other person who is lawfully in any street or other public place, nor call him by any offensive or derisive name, nor make any noise or exclamation in his presence and hearing with intent to deride, offend or annoy him, or to prevent him from pursuing his lawful business or occupation.

*Chaplinsky v. New Hampshire*, 315 U.S. at 569, 62 S.Ct. at 768 (quoting Chapter 378, Section 2 of the Public Laws of New Hampshire). The Court found that application of the statute was limited by the New Hampshire Supreme Court to so-called "fighting words." This exception to the constitutional right of free expression was a valid exercise of New Hampshire's police power. As the New Hampshire court explained:

> The test is what men of common intelligence would understand would be words likely to cause an average addressee to fight. * * * The English language has a number of words and expressions which by general consent are 'fighting words' when said without a disarming smile. * * * Such words, as ordinary men know, are likely to cause a fight. So are threatening, profane or obscene revilings. Derisive and annoying words can be taken as coming within the purview of the statute as heretofore interpreted only when they have this characteristic of

2. This is not to say that this Court feels that Section 750.337 is constitutional. Rather, the Court declines to decide the ultimate issue of constitutionality based on its determination that a plausible argument may be made in favor of

the constitutionality of the law. Although the statute may have several constitutional defects on its face, the Court cannot conclude that it is "patently and flagrantly" unconstitutional as required by *Younger*.

plainly tending to excite the addressee to a breach of the peace. * * * The statute, as construed, does no more than prohibit the face-to-face words plainly likely to cause a breach of the peace by the addressee, words whose speaking constitute a breach of the peace by the speaker—including 'classical fighting words', words in current use less 'classical' but equally likely to cause violence, and other disorderly words, including profanity, obscenity and threats.

*Chaplinsky,* 315 U.S. at 573, 62 S.Ct. at 770 (quoting 91 N.H. 310, 320–21, 18 A.2d 754, 762 (1941)).

Assuming that in 48 years we have progressed to the point that the "fighting words" doctrine may apply to "women of common intelligence," it is clear at least that an argument may be made that Section 750.337 is within the doctrine and that a Michigan court may limit application of the statute to "fighting words." The New Hampshire statute discussed in *Chaplinsky* illegalized "offensive, derisive or annoying word[s]." Section 750.337 illegalizes "indecent, immoral, obscene, vulgar or insulting language." The two statutes appear to be sufficiently similar for a court to conclude that a *Chaplinsky*-type limitation applies to the Michigan statute. As such the statute is not "patently and flagrantly violative of express constitutional provisions in every clause, sentence and paragraph and in whatever manner and against whomever an effort might be made to apply it".

Still, plaintiff makes the argument that the statute violates well-established equal protection principles because it prohibits speech in the presence or hearing of women while men are left unprotected. Obviously, this construction is the result of an outmoded state paternalism toward women. However, it bears repeating that this statute has never been interpreted by the state courts. It is possible that the objectionable construction of the statute is severable. If such is the case, the statute may withstand an equal protection argument. Its protective scope may extend only to minor children. Obviously the state can protect children from otherwise valid first amendment expression, *see New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113, *on remand,* 455 N.Y.S.2d 582, 57 N.Y.2d 256, 441 N.E.2d 1100 (1982). Plaintiff's invective was allegedly aimed at minors. Again, on its face and as applied in this case, the statute is not "patently and flagrantly" unconstitutional.

## III.

For the reasons stated above, plaintiff's motion for a preliminary injunction is DENIED.