Hazel SUTTON, Kenneth Holland, Edith Odom, and Kevin Qualls, Plaintiffs–Appellees,

v.

Jimmy M. EVANS, John H. Burke, Jr., Jimmy P. Rice, and William T. Tucker, Defendants–Appellants.

No. 89–6455.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 24, 1990.

Decided Nov. 8, 1990.

---

Walter T. Searcy, III, Searcy, Smith & Dawson, Nashville, Tenn., for plaintiffs-appellees.

Christine A. Modisher, Asst. Atty. Gen., Charles W. Burson, Atty. Gen., John Knox Walkup, Sol. Gen., L. Vincent Williams, Asst. Atty. Gen., Office of the Attorney General of Tennessee, Nashville, Tenn., for defendants-appellants.

Before MILBURN, BOGGS, and SUHRHEINRICH, Circuit Judges.

MILBURN, Circuit Judge.

Pursuant to 28 U.S.C. § 1292(a)(1), defendants-appellants Jimmy Evans, John Burke, Jimmy Rice, and William Tucker appeal from a preliminary injunction entered by the district court requiring the defendants to pay plaintiffs-appellees Hazel Sutton, Kenneth Holland, Edith Odom, and Kevin Qualls supplemental compensation upon their transfer to new work stations pending a final determination on the merits in an action to enjoin the defendants from transferring the plaintiffs. Because the injunction violates the Eleventh Amendment, we vacate the district court's order granting preliminary injunctive relief and remand.

## I.

### A.

The plaintiffs filed a complaint in the district court alleging that the defendants, various officials of the Tennessee Department of Transportation ("TDOT"), had retaliated against the plaintiffs for speaking out to reveal improprieties by their supervisor. The alleged retaliation took the form of transfers to other job assignments, and the plaintiffs sought (1) a declaratory judgment that the transfers were in violation of their First Amendment rights, and (2) an injunction to prevent the transfers. Initially, the district court granted a temporary restraining order on August 14, 1989, pending a preliminary hearing on the possibility of a preliminary injunction.

Thereafter, the matter was referred to a magistrate, and after a hearing, the magistrate recommended that the district court allow the transfers but with the limitation that the defendants pay the plaintiffs supplemental compensation for the additional travel time and expenses generated by the transfers. In an order dated November 3, 1989, the district court adopted the magistrate's report and recommendation over the defendants' objections and issued a preliminary injunction requiring the defendants to

pay the plaintiffs' expenses as recommended by the magistrate. On November 15, 1989, the district court denied the defendants' motion that the injunction be conditioned upon the plaintiffs' posting security pursuant to Federal Rule of Civil Procedure 65(c).

On November 22, 1989, the defendants filed a notice of appeal to this court specifying that they were appealing from both the order granting the preliminary injunction and the order denying the motion for security. Later, in an order entered December 5, 1989, this court stayed the preliminary injunction finding "a strong likelihood that defendants will prevail on the merits in view of the fact that the Supreme Court has recently held that neither a state nor a state official acting in his or her official capacity is a person under 42 U.S.C. § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and The Eleventh Amendment appears to bar a plaintiff from reaching the Treasury of the State under 42 U.S.C. § 1983."

### B.

The plaintiffs are all employees of TDOT and were stationed at TDOT's facility in McEwen, Tennessee. The defendants are all state officials involved in what has been termed disciplinary transfers of the plaintiffs away from the McEwen station to other work facilities.

Plaintiffs Odom and Sutton are longtime employees of TDOT who maintained various records at TDOT's McEwen work station. Plaintiffs Qualls and Holland worked in maintenance at the McEwen work station. Qualls is Sutton's son.

Defendant Tucker is a highway maintenance engineer who is responsible for roads and bridges in the district that encompasses the McEwen station. Tucker began serving at the McEwen station in 1980 and initially had an amicable relationship with his office staff—Sutton and Odom. This relationship began to sour when Tucker criticized Sutton's work performance. Complaints later arose from maintenance workers, including Holland and Qualls, about Tucker's assignment of overtime work on a basis other than seniority.

In a letter dated February 23, 1989, to Harlan Matthews, Deputy to the Governor of Tennessee, several employees of the McEwen station, including the plaintiffs, accused Tucker of discrimination and partiality. The letter also accused Tucker of "payroll padding" and asked for an investigation. J.A. 464.

Following the letter there was a joint investigation by TDOT and the Tennessee comptroller's office. A report prepared pursuant to the investigation concluded that the accusations against Tucker were without factual support.

Consequently, defendant Burke decided that a "disciplinary action" was necessary against the persons who were most active in filing the charges against Tucker. Burke also concluded that the McEwen office could not function efficiently given the level of hostility and tension there. Since Burke believed Tucker was innocent, and that the charges against him were baseless, Burke concluded that the plaintiffs, rather than Tucker, should be inconvenienced. Burke arranged for the plaintiffs to be transferred to new work stations, approximately fifty to sixty miles away from the McEwen station.

After the preliminary injunction hearing, the magistrate concluded that most of the allegations in the letter were either without factual support or did not implicate the First Amendment. However, after setting out and examining applicable precedent, the magistrate concluded that the payroll padding allegation was speech that arguably addressed a matter of public concern, and was thus potentially protected under the First Amendment.

At the preliminary injunction hearing, essentially two different versions of the "payroll padding" incident were presented. Sutton and Odom had apparently made inquiry of the Tennessee Highway Patrol and discovered at least some basis for believing that Tucker and another employee reported time for cleaning up an accident site which

was nonexistent. However, Tucker and the other employee explained that in fact there was an accident and that the time recorded was legitimate. The magistrate reasoned that even if the allegations were not true, it was important that the plaintiffs be allowed to speak out if they had a good faith basis for speaking.

The magistrate also found that the allegation of payroll padding was "among the motivating factors in Burke's decision to transfer." However, the magistrate believed there were legitimate concerns about employee harmony at the McEwen station. Thus, the magistrate recommended that the district court allow the plaintiffs to be transferred "but with the limitation that pending trial, plaintiffs' compensation shall be supplemented to cover the additional reasonable costs of travel, including mileage and the hours expended in travel, above their pay levels at the time of their transfers." As noted earlier, the district court agreed and entered an order accordingly which included the preliminary injunction.

The principal issues presented in this appeal are (1) whether the Eleventh Amendment bars a preliminary injunction ordering state officials to pay supplemental compensation to the plaintiffs pending a final determination of the merits, (2) whether the district court abused its discretion in issuing the preliminary injunction, and (3) whether the district court abused its discretion in denying the state's motion for a security bond pending resolution on the merits.

## II.

### A.

■ A lower court's findings of fact are reviewed under the clearly erroneous standard, whereas its conclusions of law and findings involving mixed questions of fact and law are reviewed *de novo*. *See Whitney v. Brown*, 882 F.2d 1068, 1071 (6th Cir.1989); *Taylor and Gaskin v. Chris-*

*Craft Indus.*, 732 F.2d 1273, 1277 (6th Cir. 1984). Whether or not a particular form of relief is barred by the Eleventh Amendment is a question of law. *See Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Kelley v. Metropolitan County Bd. of Educ.*, 836 F.2d 986 (6th Cir.1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988).

### B.

At the outset, we turn our consideration to the effect of *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), on this action. *Will* held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 109 S.Ct. at 2312. However, the Court recognized that "a State official in his or her official capacity, *when sued for injunctive relief, would be a person under § 1983* because 'official-capacity actions for prospective relief are not treated as actions against the state.' " *Id.* at 2311 n. 10 (emphasis added). Thus, *Will* leaves ample room for an action against state officials insofar as it seeks prospective relief allowed by the Eleventh Amendment.

■ We next consider whether the relief granted by the district court falls within the realm of prospective relief allowed by the Eleventh Amendment. The Eleventh Amendment[1] has been interpreted to bar suits against a state by citizens of another state as well as citizens of the same state. *Papasan v. Allain*, 478 U.S. 265, 276–79, 106 S.Ct. 2932, 2939–41, 92 L.Ed.2d 209 (1986). This is true regardless of whether the relief sought is legal or equitable. *Id.*

Under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), however, a suit to enjoin as unconstitutional a state official's actions is not always barred by the Eleventh Amendment. *See Papasan*, 478 U.S. at 276–79, 106 S.Ct. at 2939–40. Under *Young*,

> [r]elief that in essence serves to compensate a party injured in the past by an

---

1. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true ... if the relief is tantamount to an award of damages for past violations of federal law, even though styled as something else. On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

*Id.* at 278, 106 S.Ct. at 2940 (footnotes & citations omitted).

Our cases hold that for an order which has a substantial effect on the state's budget to be valid under the Eleventh Amendment, it must be "ancillary" to some other form of prospective relief. *Cotton v. Mansour,* 863 F.2d 1241, 1248 (6th Cir. 1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 835, 107 L.Ed.2d 831 (1990) (striking down an order that the state give notice to class members about the possibility of wrongfully withheld food stamps because there was "no other appropriate prospective relief to which notice relief could be ancillary"); *Kelley v. Metropolitan County Bd. of Educ.,* 836 F.2d 986, 990, 992 (6th Cir.1987) (impermissible to order that the state assume sixty percent of the costs of desegregation where the contest was "not about desegregation, but about money" and the order to pay was "ancillary only to itself"). Because in this case there was "no other appropriate prospective relief to which the [supplemental compensation] could be ancillary," *Cotton v. Mansour,* 863 F.2d at 1248, we hold that the preliminary injunction granted by the district court was barred by the Eleventh Amendment. To the extent that the plaintiffs' argument is an invitation to hold that the relief granted can be considered ancillary to the *possibility* [2] that prospective relief will be granted when this case is heard on the merits, we decline that invitation.

 We are not swayed from our conclusion by the plaintiffs' attempts to characterize the defendants' actions as voluntary.

*Cf. Wilson v. Beebe,* 770 F.2d 578, 587–88 (6th Cir.1985) (en banc). In essence, the plaintiffs argue that the defendants could have foregone the transfers and avoided the need to pay. We agree with the defendants that "[a] decision by the State to rescind the transfers and permit the plaintiffs/appellees to return to McEwen ... in order to avoid court-ordered payment of expenses pending trial could in no way be considered a choice freely made." Appellant's Reply Brief at 3.

### III.

Accordingly, for the reasons stated, the district court's order granting preliminary injunctive relief is VACATED, and the case is REMANDED for further proceedings. Because we hold that the injunctive relief granted by the district court is barred by the Eleventh Amendment, we do not reach issues going to the merits of the injunction and the defendants' motion for security.

**2.** We express no view as to the ultimate out-   come of this litigation.