927 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jacob F. DYCK, Plaintiff-Appellant,
v.
Elaine A. McREYNOLDS, in her official capacity as the
Commissioner of the Tennessee Department of Commerce and
Insurance, James E. Word, Commissioner of Health &
Environment, Joe Tom Walker, Chairman of Board of Dentistry,
Board of Denitstry of the Tennessee Department of Health and
Environment, Defendants-Appellees.
 No. 90-5581.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1991.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 88-02318; Turner, J.
 W.D.Tenn.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Jacob Dyck, a dentist, filed a complaint against the defendants--heads of three administrative agencies regulating dentistry and health, and the Tennessee Board of Dentistry--in an attempt to halt administrative and judicial proceedings pending against him. The complaint, inter alia, urged that the proceedings were pre-empted by federal law, and requested monetary, injunctive, and declaratory relief. The district court dismissed the suit on the grounds that Younger abstention prevented a federal court from issuing injunctions in currently pending state judicial or administrative proceedings, and that the Eleventh Amendment bars citizens from recovering monetary awards against the treasury of a state. Dyck appealed the district court's dismissal of his suit. We agree with the district court's reasoning, and affirm the dismissal of Dyck's suit.
 
 
 2
 * The administrative proceedings, and Dyck's subsequent complaint, arose from the following series of events. In the early 1980s, Dyck operated a dental service plan known as the Voldent Dental Plan. This plan offered dental services to subscribers, both individuals and employee groups. The Tennessee Department of Commerce and Insurance ("TDCI") filed suit in a Tennessee court contending that Dyck was operating Voldent in violation of Tennessee law. On June 3, 1985, Dyck and the Department signed an order to settle the suit. In the order he signed, Dyck agreed not to operate Voldent, or any dental service plan, until that plan complied with Tennessee and federal law.
 
 
 3
 Dyck continued to operate Voldent despite this order. Dyck states in his complaint that he did so only with respect to employee groups and their employers. He did this because he believed the order only required him to comply with Tennessee or federal law, and that federal law permitted plans like Voldent to service employee groups.
 
 
 4
 Elaine McReynolds, the Commissioner of TDCI, did not share that view. On April 8, 1987, she filed, in her official capacity, a complaint in Tennessee court contending that Dyck was violating the settlement order. The court issued an order on April 21, 1987 requiring Dyck to show cause why he was not in contempt.
 
 
 5
 Dyck was subsequently assailed on another front. On January 11, 1988, the Board of Dentistry served notice of charges that Dyck was operating Voldent in violation of Tennessee law. The Board stated that it was convening a hearing to determine if Dyck's license should be suspended or revoked, or if he should be disciplined in any other way.
 
 
 6
 Both of these proceedings were still pending when Dyck filed this current lawsuit on May 11, 1988. The suit sought an injunction to bar the state proceedings and a declaratory judgment that Tennessee law with respect to plans such as Voldent was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1001, et seq., or by Internal Revenue Service regulations. The suit also sought to invalidate the settlement order on the same basis, enjoin the defendants from proceeding with any possible disciplinary action against Dyck, and $250,000 in damages.[1] The district court dismissed Dyck's suit pursuant to this court's rationale in CSXT, Inc. v. Pitz, 883 F.2d 468 (6th Cir.1989), cert. denied, 110 S.Ct. 1480 (1990), and on Eleventh Amendment grounds. Dyck's timely appeal followed.
 
 II
 
 7
 The primary issue we must resolve upon appeal is whether federal courts must abstain from hearing Dyck's suit according to the principles confirmed in Younger v. Harris, 401 U.S. 37 (1971). The Supreme Court in Younger held that federal courts must abstain from intervening in pending state judicial proceedings because the principles of federalism require a "proper respect for state functions." Younger, 401 U.S. at 43-44. The Court has not limited the reach of Younger abstention to proceedings in state courts. The Court requires federal courts to abstain from interference in pending state administrative proceedings if they are "judicial in nature." New Orleans Public Service, Inc. v. City of New Orleans, 109 S.Ct. 2506, 2519 (1989). See Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982) (state bar disciplinary hearings qualify for Younger abstention); Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986) (hearing before state civil rights commission qualifies for Younger abstention). A proceeding is "judicial in nature" if it " 'investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist.' " NOPSI, 109 S.Ct. at 2519, quoting Prentis v. Atlantic Coast Lines Co., 211 U.S. 210, 226 (1908). Younger abstention is appropriate if: 1) there is an ongoing state proceeding of a judicial nature, whether judicial or administrative in form; 2) the proceeding implicates important state interests; and, 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex, 457 U.S. at 432. An "adequate opportunity" exists if the constitutional claims may be raised before state courts upon review of any administrative decision. Dayton Christian, 477 U.S. at 629. This court has specifically held that claims that a pending proceeding is being conducted pursuant to a state law pre-empted by a federal law are equally open to the application of Younger abstention because state courts are as capable as federal courts of deciding pre-emption claims. CSXT v. Pitz, 883 F.2d 468, 473 (6th Cir.1989), cert. denied, 110 S.Ct. 1480 (1990). We review a district court's decision to abstain de novo. Litteral v. Bach, 869 F.2d 297, 298 (6th Cir.1989) (per curiam); Federal Express Corporation v. Tennessee Public Service Commission, No. 90-5596, slip op. at 8 (6th Cir. February 14, 1991).
 
 
 8
 We agree with the district court that Younger abstention is appropriate in this case. First, both TDCI's state court proceeding and the Board of Dentistry's administrative proceeding were pending well before Dyck filed his complaint. Second, both proceedings clearly are "judicial in nature." The state court proceeding needs no explanation, and the Board of Dentistry hearing is a classic administrative adjudication without any intent of establishing prospective rules. See Pitz, 883 F.2d at 474. Third, the regulation of the practice of dentistry and insurance are clearly important state interests. Finally, Dyck has an adequate opportunity to make his pre-emption argument before the Tennessee courts on review of any judgment or administrative decision. The Tennessee Uniform Administrative Procedures Act, Tenn.Code Ann. Sec. 4-5-322(a) provides for judicial review of administrative decisions, and Sec. 4-5-322(h) explicitly provides that constitutional arguments may be raised. This court has previously held that the judicial review provisions of Sec. 4-5-322 satisfy the third element of Younger abstention analysis. Watts v. Burkhart, 854 F.2d 839, 848 (6th Cir.1988); Federal Express, No. 90-5596, slip op. at 14. Thus, we hold that we must abstain from interfering in the ongoing state proceedings and that Dyck's complaint must be dismissed.
 
 III
 
 9
 Insofar as Dyck's complaint can be read as collaterally attacking the 1985 injunction against operating Voldent contained in the settlement order, that claim also fails. A final judgment in a state proceeding is given the same preclusive effect in the federal courts as would be given by the state issuing the judgment. Dyer v. Intera Corporation, 870 F.2d 1063 (6th Cir.1989). Also, insofar as Dyck's complaint continues to state a claim for monetary relief,[2] that aspect of his complaint was also properly dismissed. It is well settled that the Eleventh Amendment bars suits by a citizen against a state that would cause an effect on the state's treasury, unless such an effect is ancillary to prospective relief that is not compensatory. Papasan v. Allain, 478 U.S. 265, 278 (1986); Sutton v. Evans, 918 F.2d 654 (6th Cir.1990). Dyck's monetary claims are purely compensatory in nature, and hence barred by the Eleventh Amendment.
 
 IV
 
 10
 For the foregoing reasons, the district court is AFFIRMED in all respects.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Dyck urges other reasons before us for enjoining the pending state proceedings against him. Because these arguments were not presented before the district court, we shall not entertain them
 
 
 [2]
 Dyck states that he is not appealing that aspect of his complaint because his attorney placed that claim in the original complaint to recover his fee