928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kim D. FERRITTO, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF HIGHWAY SAFETY, Ohio State Highway
Patrol, and Ohio Bureau of Motor Vehicles,
Defendants-Appellees.
 No. 90-3475.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1991.
 
 On appeal from the United States District Court for the Northern District of Ohio, No. 89-01687; White, J.
 N.D.Ohio.
 AFFIRMED.
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Kim Diane Ferritto appeals the judgment of the district court dismissing her civil rights action on the basis of the Eleventh Amendment. For the reasons that follow, we affirm.
 
 I.
 
 2
 On September 1, 1989, plaintiff-appellant Kim Diane Ferritto filed this civil rights action pursuant to 42 U.S.C. Secs. 1983, 1985(3), and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Named as defendants were the State of Ohio Department of Highway Safety, the State of Ohio Bureau of Motor Vehicles, and the State of Ohio Department of State Highway Patrol (the "defendants"). The complaint sought compensatory damages in the amount of $50,000, punitive damages in the amount of $100,000, attorney's fees, and declaratory relief that her constitutional rights were violated.
 
 
 3
 On November 22, 1989, the defendants filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] On the same date, Ferritto filed a first amended complaint which essentially repeated the allegations in the original complaint, but the amended complaint requested compensatory damages in the amount of $1,500,000, and punitive damages in the amount of $1,000,000. On December 14, 1989, the defendants filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 15(a) for failure to obtain leave of court or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.
 
 
 4
 This action arises out of events which began almost twenty years ago. Ferritto's amended complaint alleges that in December 1971 she applied to the State of Ohio to operate two existing driver training schools. Ferritto alleges that as a result of this application, the defendants began a three-year investigation of her and the driving schools, which resulted in the cancellation of the driving schools' licenses in December 1972, and revocation of Ferritto's driver's license in 1974. Ferritto alleges that the defendants harassed her and her children, deliberately solicited false complaints from her driving school customers, and incited her creditors to cancel credit for herself and the driving schools. Ferritto further alleges that the defendants continue to harass her about her driver's license even though she is properly insured.
 
 
 5
 On April 17, 1990, the district court entered a memorandum and order dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The district court concluded that the defendants, state agencies, were immune from suit under the Eleventh Amendment. This timely appeal followed.
 
 
 6
 The principal issue on appeal is whether the district court erred by dismissing the action as barred by the Eleventh Amendment.
 
 II.
 A.
 
 7
 "Whether or not a particular form of relief is barred by the Eleventh Amendment is a question of law." Sutton v. Evans, 918 F.2d 654, 657 (6th Cir.1990). Accordingly, this court will conduct a de novo review of the district court's judgment. The Eleventh Amendment provides:
 
 
 8
 The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
 
 
 9
 Although the language of the Amendment only specifically bars suits against a state by citizens of another state, the Supreme Court has held that the Amendment also bars suits against a state by its own citizens. Papasan v. Allain, 478 U.S. 265, 276 (1986). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." Id.
 
 
 10
 The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985. Quern v. Jordan, 440 U.S. 332, 339-42 (1979); Cowan v. University of Louisville School of Med., 900 F.2d 936, 940-41 (6th Cir.1990); Seibert v. Oklahoma ex rel. University of Oklahoma Health Sciences Center, 867 F.2d 591, 594 (10th Cir.1989). Recovery of attorney's fees under section 1988 is predicated upon a plaintiff's receiving relief against the state. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir.1989). Thus, when "a defendant has not been prevailed against, either because of legal immunity or on the merits, Sec. 1988 does not authorize a fee award against that defendant." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (footnote omitted).
 
 
 11
 Thus, it is clear that the present action is barred by the Eleventh Amendment, absent the state's consent or waiver of immunity. The state has not consented to this action, and this court has held that Ohio's waiver of sovereign immunity in Ohio Revised Code Sec. 2743.02(A)(1) "amounted to a waiver of sovereign immunity only for claims which were themselves determined in the Ohio Court of Claims, but acted as no waiver for actions brought in a federal court." Ohio v. Madeline Marie Nursing Homes, 694 F.2d 449, 460 (6th Cir.1982). Accordingly, there has been no waiver of Ohio's immunity under the Eleventh Amendment.
 
 B.
 
 12
 Ferritto argues that the district court should have afforded her the opportunity "to amend her Complaint to specifically allege facts and allegations to strengthen her Complaint...." Appellant's Brief at 12; see Poe v. Haydon, 853 F.2d 418, 424-25 (6th Cir.1988) (when qualified immunity is raised by defendant, court must give plaintiff opportunity to present additional facts or allegations), cert. denied, 488 U.S. 1007 (1989). We reject Ferritto's argument. First, Ferritto did not file a motion in the district court to amend her complaint. Ferritto did file an amended complaint, and the district court rejected defendants' motion to dismiss the amended complaint for failure to obtain leave of court. Therefore, the district court did not deny Ferritto the opportunity to amend her complaint. Moreover, even were Ferritto allowed to amend her complaint merely to allege additional facts, it would not alter the district court's judgment. Contrary to Ferritto's perception, this action was dismissed because it is barred by the Eleventh Amendment, not because the allegations of her complaint were too vague and conclusory.
 
 III.
 
 13
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The district court granted defendants' motion for enlargement of time until November 22, 1989, to answer or respond to the complaint