991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor J. RUSSELL, Plaintiff-Appellant,
v.
Charles POTTS; Thurman, Corrections Officer; Steve Allen,
Corrections Officer; Steve Carter, Corrections Officer;
Gary Wicker, Corrections Officer; Penneleton, Corrections
Officer; Herbert Penix, Defendants-Appellees.
 No. 92-3919.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Victor Russell, a pro se Ohio prisoner, appeals from a judgment of the district court dismissing Russell's complaint which was filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Russell's complaint alleged that on January 10, 1990, the defendants, all corrections officers at the Southern Ohio Correctional Facility, forced Russell, who is black, to unbraid his hair and get it cut in an "afro style." In connection with this action, two of the defendants allegedly made abusive remarks. Russell alleged that his religion forbid the cutting of his hair, and that defendants' actions violated his First Amendment right to religious freedom. Russell also alleged, in essence, that his Fourteenth Amendment right to equal protection was violated when defendants forced him to cut his hair in an afro style even though Russell does not wear that type of hair style. Additionally, Russell alleged that the defendants' actions violated his Eighth Amendment rights.
 
 
 3
 The district court entered summary judgment for the defendants. The court concluded that the doctrine of collateral estoppel precluded Russell from raising the First Amendment issue, and that Russell's equal protection issue failed to state a claim. Further, the district court concluded that the allegations of verbal harassment failed to state a violation of Russell's constitutional rights. On appeal, Russell argues that collateral estoppel is not applicable, that the district court misread the regulation that pertained to hair style and grooming, and that the district court failed to address Russell's allegation that the defendants had conspired to deprive Russell of his protected rights. Russell filed a motion for a temporary restraining order or, in the alternative, a permanent injunction, and filed a motion for counsel.
 
 
 4
 The court reviews the district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper when the moving party shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We affirm, but do so for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 Initially, we note that Russell's complaint fails to specify in what capacity he is suing the defendants; therefore, we must assume that he is suing the defendants in their official capacity. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Because state officials sued in their official capacity are immune from liability under the Eleventh Amendment, Russell is precluded from seeking monetary relief in this section 1983 action. See Will v. Michigan Department of State Police, 109 S.Ct. 2304 (1989).
 
 
 6
 Russell also seeks an injunction prohibiting defendants from forcing Russell to cut his hair. Although state officials sued in their official capacity are not subject to suit for monetary damages under 42 U.S.C. § 1983, they are subject to injunctive relief. Sutton v. Evans, 918 F.2d 654, 657 (6th Cir.1990). However, effective August 16, 1991, Ohio Admin.Code 5120-9-25 was amended and now states that "[b]raids and plaints may be worn subject to the limitations of this rule." Therefore, under the new code, prisoners may wear braids as long as the braids "do not protrude more than three inches from the scalp" and "do not extend over the ears or the shirt collar." This change in the code renders Russell's claim for injunctive relief moot. See Meadows v. Hopkins, 713 F.2d 206, 208 (6th Cir.1983).
 
 
 7
 We agree with the district court that Russell was precluded by the doctrine of collateral estoppel from relitigating the First Amendment issue. See Detroit Police Officers Ass'n v. Young, 824 F.2d 512, 515 (6th Cir.1987). As to Russell's argument that the district court failed to address his claim of conspiracy pursuant to 42 U.S.C. § 1985, we conclude that Russell failed to assert this claim below. Nowhere in the record does Russell indicate that he brings his claim pursuant to section 1985, and Russell's complaint does not allege a conspiracy. Thus, the district court did not commit error when it failed to analyze conspiracy allegations.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Russell's motion for a temporary restraining order, or in the alternative, a permanent injunction is denied, and his motion for appointment of counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.