James Russell STEVENS,
Plaintiff–Appellant,

v.

Opal GAY, et al., Defendants–Appellees.

No. 88–8258.

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1989.

John P. Batson, Augusta, Ga., for plaintiff-appellant.

John C. Jones, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before JOHNSON and EDMONDSON, Circuit Judges, and NICHOLS*, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This appeal arises from the denial of plaintiff's petition for attorney's fees against the State of Georgia under 42 U.S.C.A. § 1988, in a suit brought by a state prison inmate against prison officials and two state agencies under 42 U.S.C.A. § 1983 for violation of his First Amendment rights. We affirm.

## I. FACTS

Plaintiff is an inmate of the Georgia State Prison system. In 1981, the prison system had a policy of allowing inmates to send three letters per week to family members without charge. Plaintiff addressed and sent two letters to his sister pursuant to that policy. Those letters were opened by defendant Gay, the postal clerk at the prison. Defendants Hightower, Gay's immediate supervisor, and Gay read both letters pursuant to Department of Offender

---

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

Rehabilitation[1] regulations. Defendant Thomas, assistant Warden of the prison, had sent Hightower a memorandum allowing the opening of mail.[2]

Plaintiff brought a First Amendment claim under 42 U.S.C.A. § 1983 against Thomas, Hightower, and Gay in their individual capacities. Shortly before trial, plaintiff moved to amend his complaint to add what are now the State Department of Corrections and the State Board of Corrections, and to sue the existing defendants in their official capacities. The trial court denied the motion. After a jury trial, the district court entered judgment in favor of all defendants. The district court held Thomas not liable, and Hightower and Gay liable but insulated from recovery of damages by the doctrine of qualified immunity. The district court also awarded attorney's fees to the plaintiff and against the State of Georgia in the amount of $1500.

On appeal, this Court affirmed the judgment, but held that the Eleventh Amendment barred imposition of attorney's fees against the state because the officials were sued in their individual rather than official capacities. *Stevens v. Gay,* 792 F.2d 1000, 1003 (11th Cir.1986) (citing *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1983)). The Court further held that the district court should have allowed plaintiff to amend his complaint to join the state agencies and to sue the original defendants in their official capacities. *Id.* at 1003–05. The case was remanded and the plaintiff was allowed to amend his complaint. *Id.* at 1003–04.

On remand, plaintiff amended his complaint to add the Georgia Department of Corrections and Board of Corrections. Plaintiff failed to add the officials of these state agencies in their official capacities.

Plaintiff sought prospective injunctive relief, based on the prior judgment that his First Amendment rights had been violated. Plaintiff also sought attorney's fees under 42 U.S.C.A. § 1988. The district court dismissed the suit and denied plaintiff's petition for attorney's fees, holding that the Eleventh Amendment bars this suit against the state agencies. After the district court entered judgment, plaintiff moved to amend the complaint to add the individual members of the state agencies in their official capacities. The district court denied the motion, and plaintiff appealed.

## II. DISCUSSION

The Eleventh Amendment[3] insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity. *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 906–08, 79 L.Ed.2d 67 (1984). The Eleventh Amendment also bars suit against state officials acting in their official capacities when the state is the real party in interest. *Id.* at 101, 104 S.Ct. at 908. The Eleventh Amendment does *not* insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law. *See Edelman v. Jordan,* 415 U.S. 651, 664–71, 94 S.Ct. 1347, 1356–60, 39 L.Ed.2d 662 (1974) (when plaintiff sues state official for violation of federal law, court may enjoin official's future conduct, but may not grant retroactive monetary relief that state will pay). The Eleventh Amendment also does not bar monetary relief, including costs, ancillary to the prospective injunctive relief. *Kentucky v. Graham,* 473 U.S. 159, 169 n. 18, 105 S.Ct. 3099, 3107 n. 18, 87 L.Ed.2d 114 (1985) (citing *Edelman,* 415

---

1. The Department of Offender Rehabilitation has since become the Department of Corrections.

2. The facts are more fully set out in our prior opinion in this case, *Stevens v. Gay,* 792 F.2d 1000 (11th Cir.1986). We will not repeat the details here.

3. The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

In *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), the Supreme Court construed the Eleventh Amendment to prohibit suits against a state by citizens of that state.

U.S. at 667–68, 94 S.Ct. at 1357–58). Thus, the Eleventh Amendment does not prohibit a plaintiff from suing state officials in their official capacities for prospective injunctive relief and costs associated with that relief.[4] *Pennhurst,* 465 U.S. at 102–03, 104 S.Ct. at 909.

The issue in this case is whether the plaintiff can recover attorney's fees from the state under 42 U.S.C.A. § 1988. Recovery of attorney's fees from the state is predicated upon the plaintiff's ability to receive relief against the state. *Kentucky v. Graham,* 473 U.S. at 165, 105 S.Ct. at 3104 ("Thus, liability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, section 1988 does not authorize a fee award against that defendant."). That relief may be either against the state directly, or against state officials acting in their official capacities. *Hutto v. Finney,* 437 U.S. 678, 693–700, 98 S.Ct. 2565, 2574–79, 57 L.Ed.2d 522 (1978). In this case, plaintiff amended his complaint to sue the state agencies directly. Thus, plaintiff must obtain relief on the merits against the Georgia Department of Corrections and Board of Corrections in order to recover an award of attorney's fees against the state. *See Kentucky v. Graham,* 473 U.S. at 171, 105 S.Ct. at 3108 (no liability for attorney's fees under section 1988 "where a governmental entity cannot be held liable on the merits").

The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections. *See Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (per curiam) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment unless Alabama has consented to the filing of such a suit."). This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 907–908 (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought").[5] Because the state itself cannot be liable on the merits, and because plaintiff failed to amend his complaint to add the state officials acting in their official capacities, we affirm the district court's dismissal of plaintiff's claim for prospective injunctive relief and denial of plaintiff's petition for attorney's fees.

Plaintiff asserts that his original complaint should be read as bringing suit against Thomas, Hightower, and Gay in their official capacities. Plaintiff's complaint did seek relief against the officials as officials. In cases where a complaint does not specify clearly whether officials were sued in their official capacity, the "course of proceedings" will "indicate the nature of the liability sought to be imposed." *Kentucky v. Graham,* 473 at 167 n. 14, 105 S.Ct. at 3106 n. 14 (quoting *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 876, 83 L.Ed.2d 878 (1985)). Nevertheless, in the original appeal in this case, this Court held that the suit was against Thomas, Hightower, and Gay in their individual, rather than official, capacities. *Stevens,* 792 F.2d at 1001. Under the doctrine of law of the case, that determination is binding.[6] *Wheeler v. Pleasant Grove,* 746 F.2d 1437 (11th Cir.1984) (per curiam).

**4.** Congress may in certain circumstances override the state's sovereign immunity and impose liability on the state itself. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985) ("[W]hen acting pursuant to § 5 of the Fourteenth Amendment, Congress can abrogate the Eleventh Amendment without the State's consent...."). Congress did not override the states' sovereign immunity in enacting 42 U.S.C.A. § 1983. *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358 (1979).

**5.** Of course, the state can consent to the suit or waive its Eleventh Amendment objection. *See generally Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907 ("A sovereign's immunity may be waived, and the Court consistently has held that a state may consent to suit against it in federal court."). Plaintiff does not assert waiver or consent by the state, and the state has contested its amenability to suit from the very beginning of the action.

**6.** There are exceptions to the law of the case doctrine. "[T]he law of the case doctrine does not apply to bar reconsideration of an issue

■ Plaintiff also argues that the law of the case doctrine prevents dismissal of this suit, because the remand from this Court required the district court to cause the proper party to be joined. The law of the case doctrine does prevent the district court from ignoring the mandate of the appellate court on remand. *See Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506, 1511 (11th Cir.1987) (en banc), *cert. denied,* —— U.S. ——, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). In this case, however, the remand was to allow the plaintiff to amend the complaint. *Stevens,* 792 F.2d at 1005. The district court followed the mandate, and plaintiff amended the complaint. The plaintiff erred, however, by adding only the Georgia Department of Corrections and Board of Corrections as defendants. The district court did deny a subsequent motion to amend the complaint filed after dismissal of the case some fourteen months after remand. The scope of the mandate on remand did not extend to all future motions to amend the complaint, however. The remand was for the district court to permit the plaintiff to file his amended complaint. The court did so.

■ Finally, plaintiff challenges the district court's denial of his most recent motion to amend the complaint. The district court's denial of plaintiff's motion to amend is reviewed under an abuse of discretion standard. *Gramegna v. Johnson,* 846 F.2d 675, 678 (11th Cir.1988). The district court certainly had the power to grant plaintiff's motion. *See Regents of Univ. of Michigan v. Ewing,* 474 U.S. 214, 221–22 n. 6, 106 S.Ct. 507, 511 n. 6, 88 L.Ed.2d 523 (1985) (allowing amendment to complaint on Eleventh Amendment issue after petition for certiorari was granted). The Federal Rules of Civil Procedure provide for liberal amendment of pleadings. *See* Fed. R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Undue delay or failure properly to amend a complaint after repeated opportunity to do so, however, constitutes grounds to deny a motion to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ The plaintiff's attorney should have realized the complications the Eleventh Amendment created in this case, particularly after the remand. In their answer to plaintiff's amended complaint, defendants on November 21, 1986, specifically asserted that the Eleventh Amendment barred this suit against the Department of Corrections and Board of Corrections. On November 24, 1986, defendants filed a motion to dismiss the amended complaint based on the Eleventh Amendment. On January 21, 1987, the district court granted defendants' motion to dismiss, and on January 23, 1987, the district court dismissed the complaint, denied plaintiff's petition for attorney's fees, and entered judgment in favor of defendants. Finally, on March 21, 1988, sixteen months after the original remand and fourteen months after the district court entered final judgment, plaintiff filed his second motion to amend the complaint. We cannot say the district court abused its discretion in denying plaintiff's motion to amend. *Cf. Gramegna,* 846 F.2d at 678 (district court erred in denying motion to amend complaint when motion was filed one day after complaint by pro se prison inmate).

## III. CONCLUSION

The district court's dismissal of plaintiff's action for prospective injunctive relief against the Georgia Department of Corrections and Board of Corrections is AFFIRMED. The district court's denial of plaintiff's petition for attorney's fees under 42 U.S.C.A. § 1988 to be assessed against the State of Georgia is AFFIRMED. The district court's denial of plaintiff's post-judgment motion to amend the complaint is AFFIRMED.

---

when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Wheeler v. Pleasant Grove,* 746 F.2d 1437, 1440 (11th Cir.1984) (per curiam) (quoting *United States v. Robinson,* 690 F.2d 869, 872 (11th Cir.1982)) (citations omitted). None of these exceptions is implicated here.