United States Court of Appeals,

Eleventh Circuit.

No. 94-6921.

Jimmie Lee WILLIAMS, Jr., Administrator of the Estate of Jimmie Lee Williams, III, Plaintiff-Appellant,

Lisa Ponds, as mother and next friend of Travis Lee Ponds, Demetria Lashun Jenkins, as mother and next friend of Duntavious Lamar Jenkins, Plaintiffs,

v.

LEE COUNTY, ALABAMA, and Herman Chapman, Individually, Defendants-Appellees,

Lee County, Alabama Commission, etc., et al., Defendants.

Feb. 1, 1996.

Appeal from the United States District Court for the Middle District of Alabama. (No. CV 91-S-160-E), Charles S. Coody, District Judge.

Before TJOFLAT, Chief Judge, BLACK, Circuit Judge, and GOODWIN[1], Senior Circuit Judge.

GOODWIN, Senior Circuit Judge:

Jimmie Lee Williams, Jr., appeals the summary judgment in both his 42 U.S.C. § 1983 claim and his pendant wrongful death claim under *Ala.Code* § 6-5-410, arising out of the jail suicide of his son. Plaintiff also appeals the dismissal of the decedent's children as parties to the wrongful death action, and the district court's failure to rule on plaintiff's motion to amend the complaint to add new defendants.[2] We affirm.

I.

---

[1] Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[2] As we affirm the summary judgment, we do not address plaintiff's contention that the court improperly dismissed decedent's children as plaintiffs.

Plaintiff's son, Jimmie Lee Williams, III (Williams), had committed himself for detoxification and treatment for drug abuse to the East Alabama Medical Center (EAMC). After leaving that facility without authority, he was taken into custody on March 8, 1989 on the order of the probate court and lodged in the Lee County jail on a temporary "mental hold" pending his hearing before the probate court which, on March 10 committed him to the State Department of Mental Health for treatment. He was ordered held at the county jail pending transfer to a treatment facility.

The Lee County Sheriff's Department had information, from the probate court commitment order, on a printed form, that Williams "is mentally ill; ... he poses a real and present threat of substantial harm to himself and to others;" and a blank space on the form was filled in to state that "Mr. Williams left the hospital without authorization and has homicidal intentions."

Other than the information contained on the commitment form, the sheriff's office had no other information on Williams.

As was the practice of the sheriff's office with such cases, Williams was kept under constant observation for two days in the "booking" area. He was later moved to a single cell where he was checked on every fifteen to twenty minutes. Between 4:30 and 5:00 in the afternoon of March 10, 1989, Officer Douglas Jones visited Williams in his cell. Williams said to Jones at that time, "I'm not going to make it. If I don't do it myself, somebody else will."

Jones thought about Williams' statement for several minutes and concluded that it was a threat of self-harm. Whether or not

Jones' supervisor, Lieutenant Ausby, was apprised of the situation remains in dispute, but fifteen to twenty minutes after Williams' statement Jones returned to the cell to discover Williams hanging by a sheet from a sprinkler in the ceiling. Attempts to resuscitate Williams failed. The state medical examiner pronounced the cause of Williams' death as suicide by hanging.

Plaintiff's complaint joined defendants Sheriff Chapman, Lee County, and various fictitious parties. Plaintiff later moved to amend the complaint to substitute Cary Torbet, Minnie Ausby and Douglas Jones for fictitious party-defendants. The district court denied the motions to amend the complaint and granted defendants' motion for summary judgment.

II.

A. *The Section 1983 Claim*

To prevail under section 1983 in a jail suicide case, the plaintiff must show that the jail official acted with "deliberate indifference." *Edwards v. Gilbert,* 867 F.2d 1271, 1274-75 (11th Cir.1989). Moreover, to establish deliberate indifference to a suicide risk in this circuit, the official must have notice of a "strong likelihood, rather than a mere possibility," of *the* particular decedent's suicidal tendencies. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1539-1540 (11th Cir.1994).

Plaintiff offered no proof that Chapman in his individual capacity as sheriff of Lee County was causally related to the suicide. There was no evidence that Sheriff Chapman knew anything of Williams' transfer to the jail other than that he had been committed from the EAMC and "had homicidal tendencies." A

reasonable official would have no reason to assume from routine booking information that a prisoner brought with him a strong, or any, likelihood of suicide. Thus, no facts were tendered to impose liability on Chapman for his personal involvement in Williams' death.

As to the allegations against the Sheriff, the county, and other defendants of insufficient training and supervision, suicide prevention was covered both by the staff training manual and an instructional video produced by the National Sheriff's Association—both of which were used in training the staff. Moreover, procedures were in place for evaluating inmates for mental health problems, including potential suicide victims. The training and monitoring procedures described in the documentary evidence before the court tend to disprove deliberate indifference, and shift to the plaintiff the burden of producing some evidence of deliberate indifference.

We have found less formal means of suicide prevention than those of Lee County to pass constitutional muster. *See, Belcher v. City of Foley,* 30 F.3d 1390 (11th Cir.1994); *Schmelz v. Monroe County,* 954 F.2d 1540 (11th Cir.1992). While Plaintiff's experts did testify from hindsight concerning steps that might have been taken to prevent Williams' suicide, "these alleged weaknesses, without more, do not amount to a showing of deliberate indifference ..." *Tittle,* 10 F.3d at 1540.

We need not reach plaintiff's contention that Lee County is liable for the "policies" of the sheriff because the plaintiff failed to produce evidence that any act or omission on the part of

Chapman violated Williams' constitutional rights.  Moreover, we find no support in the record for plaintiff's argument that Lee County defectively constructed and maintained the jail.  The evidence showed that a suicide had never before occurred in the jail, that Williams' room was specially constructed with non-moving furniture, and that the sprinkler head from which he managed to hang himself was ten feet above the floor.  Given these facts, there was no "substantial likelihood" that a suicide would occur.  Thus there was no error in granting summary judgment for the County.

B. *The State Wrongful Death Claim*

Under Alabama law, "foreseeability of a decedent's suicide is legally significant only if the deceased had a history of suicidal proclivities, or manifested suicidal proclivities in the presence of the defendant, or was admitted to the facility of the defendant because of a suicide attempt."  *Popham v. City of Talladega,* 582 So.2d 541 (Ala.1991).  The plaintiff offered no evidence in the present case of a suicidal history, nor was the decedent admitted to Lee County Jail or EAMC because of a suicide attempt.  Moreover, for the reasons stated above in regard to the Section 1983 claim, there was insufficient evidence offered to permit a jury to find that Williams' suicide was foreseeable, based on any notice to the sheriff's officers or any manifestation of suicidal tendencies in the presence of defendants.  Summary judgment was appropriate on this claim.

III.

Plaintiff also asserts that the district court erred in

refusing to allow him to amend the complaint to add new defendants. While courts allow amendments freely when justice so requires, if the statute of limitations has expired, as in the present case, the amendment must "relate back" to the original filing date. Fed.R.Civ.Pro. 15. Here the proposed amendment was untimely, the proposed parties to be added were not shown to have received sufficient notice of the action, nor were facts tendered to show that they had any liability. Thus the district court did not abuse its discretion in denying plaintiff's motion to amend to add more defendants. See *Stevens v. Gay,* 864 F.2d 113, 116 (11th Cir.1989).

AFFIRMED.