[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------------

No. 06-11223
Non-Argument Calendar

-----------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 27, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-22054-CV-PAS

KENNETH F. LEONARD,

Plaintiff-Appellant,

versus

DEPARTMENT OF CORRECTIONS
STATE OF FLORIDA,
WEXFORD HEALTH, INC.,
DAVID HARRIS,
GILLERMO SOMODEVILLA,
a. k. a. G. Somodevilla,
A. PIPEN,
T. L. GREEN,
GAIL SMITH,
a. k. a. G. J. Smith,

Defendants-Appellees.

-----------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------------

**(April 27, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kenneth Leonard, a Florida prisoner, appeals pro se the district court's sua sponte dismissal of Plaintiff's complaint alleging an Eighth Amendment violation. Finding no reversible error, we affirm.

These are the facts as Plaintiff alleges them. Plaintiff is an inmate in Florida at the Dade Correctional Institution. In 2004, prison authorities gave him a one-year medical pass to authorize his use of "Brogan" boots for his arthritis. In 2005, Plaintiff requested a renewal of the pass and explained to Nurse Smith why he needed it, but Plaintiff's request was denied. Assistant Warden Pipin and Correctional Officer Green took Plaintiff's boots away and gave him a pair of deck shoes, called "Bobos." Subsequently, Leonard sought medical care for swollen knees and hips, back problems, and continual pain. Plaintiff was given "special relief cream" for his arthritis, an order preventing him from standing for more than ten minutes, and anti-inflammatory medication.

Plaintiff filed this action under 42 U.S.C. § 1983, seeking compensatory and punitive damages, against (1) the Florida Department of Corrections, (2) Wexford Health Sources, Inc. ("Wexford"), (3) Warden David Harris, (4) Staff Physician Dr. Somodevilla, (5) Assistant Warden A. Pipin, (6) Correctional Officer J.L.

Green, and (7) Nurse G.J. Smith. The district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). And we will accept all allegations in Plaintiff's complaint as true and will construe them in the light most favorable to Plaintiff. See id. at 1160.

As an initial matter, we agree with the district court's reasons for dismissing the complaints against the Department of Corrections and Dr. Somodevilla. The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). And Plaintiff's complaint alleges no wrongdoing by Dr. Somodevilla.[2]

---

[1]Plaintiff also filed an emergency motion for a temporary restraining order and a preliminary injunction, seeking to prevent the defendants from continuing to deny him adequate and proper footwear. Plaintiff's motion was denied, and he failed to raise this issue on appeal. Thus, Plaintiff has waived the issue. See Farrow v. West, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003) (noting that a pro se appellant's failure to argue the merits of a claim constitutes a waiver of the issue on appeal).

[2]In an objection to the magistrate's report and recommendation to dismiss the complaints, Plaintiff argued that Dr. Somodevilla's wrongdoing was his failure to fulfill his "obligation to review all medical records and correct Nurse Practicioner Smith." But this allegation is not evident from the most liberal reading of Plaintiff's complaint.

Plaintiff's complaints against the remaining defendants are insufficient because even assuming the facts as alleged by Plaintiff, he cannot show an Eighth Amendment violation.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 97 S.Ct. 285, 291 (1976). But not every claim of inadequate medical treatment states a violation of that amendment. Id. "Medical treatment violates the Eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotations omitted).

To prove he was denied medical care in violation of the Eighth Amendment, Plaintiff must first show "an objectively serious medical need, one that, if left unattended, poses a substantial risk of serious harm.[3] Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotations and citations omitted). Second, Plaintiff must demonstrate "that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and

---

[3]Taking Plaintiffs' allegations as true, we assume he has shown an objectively serious medical need that -- without treatment -- poses a substantial risk of serious harm.

not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Id.

We agree with the district court that Plaintiff's complaint fails to state a claim under the Eighth Amendment. Under the facts as alleged, Plaintiff cannot show that the defendants' medical treatment constituted an "unnecessary and wanton infliction of pain." Plaintiff admits that when he complained of pain in 2005, he was given special relief cream for his arthritis, an order preventing him from standing for more than ten minutes, and anti-inflammatory pain medication. And Plaintiff does not say these specific treatments were unsuccessful or given with deliberate indifference to his medical needs.

Plaintiff merely alleges that he was denied the Brogan boots, which he asserts are necessary to treat his arthritis, and that the denial of this medical treatment caused him further injury. But a difference of opinion between an inmate and prison medical staff does not -- by itself -- give rise to a claim under the Eighth Amendment. And negligence in medical judgment is similarly insufficient to state a claim. Although Plaintiff has made some conclusory references to the defendants' "deliberate indifference to serious medical needs," he has alleged no facts to support such indifference. Accordingly, Plaintiff has

alleged no violation of the Eighth Amendment. The district court did not err in dismissing for failure to state a claim.

For the foregoing reasons, the district court's dismissal is

AFFIRMED.